Sterling RAULT, Sr.,
Petitioner-Appellant,

v.

STATE OF LOUISIANA,
Respondent-Appellee.

No. 85–3281.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1985.

---

3. *Id.,* 401 U.S. at 46, 91 S.Ct. at 751.

4. *Id.,* 401 U.S. at 53, 91 S.Ct. at 755.

5. Fed.R.Civ.P. 52(a).

6. *Smith v. Hightower,* 693 F.2d 359, 370 (5th Cir.1982).

Dwight Doskey, New Orleans, La., for petitioner-appellant.

Michael E. McMahon, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before RANDALL, JOHNSON and GARWOOD, Circuit Judges.[*]

## OPINION

PER CURIAM.

Petitioner-appellant, Sterling Rault, Sr., has filed a petition for rehearing of our September 13, 1985 order and opinion, 772 F.2d 117, herein denying his application for certificate of probable cause, dismissing his attempted appeal, and vacating the stay of execution heretofore entered by this Court; he has also moved that this Court stay his execution, which is now set for October 18, 1985, pending action on his petition for rehearing and, if rehearing is denied, pending his timely filing an application for writ of certiorari with the United States Supreme Court.

■ The sole ground asserted in Rault's petition for rehearing is the contention that we erred by stating in footnote 29 of our September 13 opinion that Rault was barred from seeking relief on the basis that the exclusion of potential jurors who were excludable under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), because of their inability to consider imposition of the death penalty denied him his rights to a cross-sectional and impartial jury, as was held in *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir.1985), *petition for cert. granted sub nom. Lockhart v. McCree*, —— U.S. ——, 106 S.Ct. 59, —— L.Ed.2d —— (1985), because he had not timely raised that claim in the Louisiana courts and they presumably denied relief thereon for that reason. Rault correctly points out that the Louisiana Supreme Court, on September 27,

---

[*] Chief Judge Clark, a member of the panel previously acting on this case, being now temporarily unavailable, has not participated in this decision and Judge Johnson has taken his place on the panel for purposes of the matters herein disposed of.

1985, issued an order, apparently in response to a motion for "clarification" filed by Rault, indicating that by its May 14, 1985 order Rault's habeas corpus "application was denied in its entirety and not on procedural grounds." Accordingly, denial of Rault's application for certificate of probable cause, insofar as it seeks to raise the *Grigsby* issue, may not rest on the matter stated in footnote 29 of our original opinion. However, our original opinion makes it clear that the primary ground of decision in respect to Rault's *Grigsby* claim was on the *merits,* and we rejected that claim as a basis for our issuance of a certificate of probable cause because of the numerous prior decisions of this Court which had rejected the *Grigsby* claim on its merits and had held it was not a sufficient basis for this Court to issue a certificate of probable cause on. Our decision in this respect in no way depended on, nor was it influenced by, the conclusions stated in footnote 29 which were entirely alternative and secondary to the referenced primary ground of decision. Accordingly, Rault's motion for rehearing is denied.

■ With respect to Rault's application for stay of execution, a majority of the panel is of the view that a stay should be granted in light of the Supreme Court's issuance of a stay of execution in *Celestine v. Blackburn,* —— U.S. ——, 106 S.Ct. 31, 87 L.Ed.2d 707, (1985); Justice White's issuance of a stay, specifically referring to the stay issued in *Celestine,* in *Alvin R. Moore, Jr. v. Blackburn,* —— U.S. ——, No. A–261 (October 4, 1985); and the grant of certiorari in *Lockhart v. McCree,* —— U.S. ——, 106 S.Ct. 59, —— L.Ed.2d —— (1985). A stay of execution is hereby issued as follows: Rault's execution is stayed until November 1, 1985, and, if within that time there is filed with the Clerk of this Court the certificate of the Clerk of the Supreme Court that Rault has filed petition for writ of certiorari in this cause, then the stay of execution shall remain in effect until the final disposition of the case by the Supreme Court.

GARWOOD, Circuit Judge, dissenting in part.

I concur in the denial of rehearing but respectfully dissent from the grant of the stay of execution. There is ample time for Rault to apply to the Supreme Court for a stay. Before staying cases of this kind we should await an express, affirmative statement by the Supreme Court that executions should be stayed in cases presenting the *Grigsby* issue. Our precedents clearly establish that a prisoner is not entitled to relief on a *Grigsby* claim. The grant of certiorari in *Lockhart v. McCree* does not suggest that a *Grigsby* claim has validity. The stays in *Celestine* and *Alvin R. Moore* do not purport to announce a contrary rule, perhaps because they were emergency actions taken before the Supreme Court formally reconvened.