**Sterling R. RAULT, Sr.,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,**
**Louisiana State Penitentiary,**
**Respondent-Appellee.**

**No. 86–3657.**

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1986.

Dwight Dorsey, New Orleans, La., for petitioner-appellant.

Michael E. McMahon, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before CLARK, Chief Judge, RANDALL and GARWOOD, Circuit Judges.

BY THE COURT:

IT IS ORDERED that petitioner-appellant's application for leave to appeal *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that petitioner-appellant's application for certificate of probable cause is DENIED.

IT IS FURTHER ORDERED that petitioner-appellant's application for stay of execution pending appeal is DENIED.

The prior history of this case may be briefly recited. Petitioner-appellant Sterling R. Rault, Sr. (Rault) was convicted of capital murder and sentenced to death in Louisiana courts in October 1982. On direct appeal, the Louisiana Supreme Court affirmed his conviction and sentence. *State v. Rault*, 445 So.2d 1203 (La.1984). The United States Supreme Court denied Rault's petition for writ of *certiorari*. *Rault v. Louisiana*, 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984). Rault then filed an application for post-conviction relief in the Louisiana trial court. That court, following an evidentiary hearing, made findings adverse to Rault and denied

his requested relief. Rault then applied for habeas corpus relief in the Louisiana Supreme Court, which unanimously denied his application without opinion in May 1985. Rault thereafter filed for relief under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana. That court denied relief, and also denied Rault's application for certificate of probable cause to appeal. Rault sought a certificate of probable cause from this Court, which we denied, at the same time dismissing his attempted appeal. *Rault v. State of Louisiana*, 772 F.2d 117 (5th Cir.1985). On petition for rehearing, we adhered to our prior decision denying the application for certificate of probable cause and dismissing the appeal, but granted a stay of execution to remain in effect until the United States Supreme Court acted on Rault's petition for writ of *certiorari* (provided he filed same by November 1, 1985), and if such writ was granted, then until the final disposition of the case by the Supreme Court. *Rault v. State of Louisiana*, 774 F.2d 675 (5th Cir.1985). Rault filed a petition for writ of *certiorari* which was denied by the United States Supreme Court on June 9, 1986. *Rault v. Louisiana*, —— U.S. ——, 106 S.Ct. 2905, 90 L.Ed.2d 991 (1986).

Rault's execution has been reset for September 19, 1986 (*i.e.*, any time after 11:59 p.m. September 18, 1986). After the final action of the United States Supreme Court on his petition for writ of *certiorari*, Rault again sought post-conviction relief in the Louisiana trial court, which denied it, and thereafter in the Louisiana Supreme Court, which unanimously denied relief on September 11, 1986 with the notation: "Denied. We find no merit in relator's application." Rault then brought the instant proceeding under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana.

In this his second federal habeas application, Rault alleges but a single ground for relief, namely, "invidious discrimination in application of Louisiana death penalty scheme resulting in disproportionate imposition of death penalty on killers of whites." The first time this claim had been presented in any court was in Rault's September 1986 application for post-conviction relief in the Louisiana courts.

The court below, in an order and reasons issued September 12, 1986, denied Rault's request for an evidentiary hearing, denied his petition for habeas relief, and denied his application for certificate of probable cause to appeal. Rault has filed with this Court his application for leave to appeal *in forma pauperis*, his application for certificate of probable cause, and his application for stay of execution pending appeal. We grant the application for leave to appeal *in forma pauperis*, but, for the reason hereinafter stated, we deny the application for certificate of probable cause and deny the application for stay of execution pending appeal.

The sole issue sought to be raised by Rault is what has come to be known as the *McCleskey* issue. This refers to the case of *McCleskey v. Kemp*, —— U.S. ——, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986), in which *certiorari* was granted on the question of whether proof reflecting a systematic bias of death-sentencing outcomes against black defendants and those whose victims are white states a ground for federal habeas relief. *See also Hitchcock v. Wainwright*, —— U.S. ——, 106 S.Ct. 2888, 90 L.Ed.2d 976 (1986). Rault is a college-educated white male who was in his thirties at the time of the offense in question; the victim was a 21–year–old white female. We have held that a "white-on-white" crime does not state a ground for federal habeas relief or warrant a certificate of probable cause or a stay of execution under the *McCleskey* theory. *See Wicker v. McCotter*, 798 F.2d 155 (5th Cir.1986). Under our decision in *Wicker*, the application for certificate of probable cause and the application for stay of execution must each be denied.